UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN HO,<br><br>            Plaintiff,<br><br>    v.<br><br>INTEGON NATIONAL INSURANCE COMPANY,<br><br>            Defendant. | CIVIL ACTION NO. 3:21-CV-00831<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) brought by Defendant Integon National Insurance Company ("Integon") in the instant insurance coverage case. (Doc. 13). Plaintiff Allan Ho ("Ho") filed the complaint against Integon on March 19, 2021, and the amended complaint on May 4, 2021. (Doc. 1-1, at 4; Doc. 7). For the following reasons, the motion shall be GRANTED and Ho shall be granted leave to file a second amended complaint. (Doc. 13).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Effective from May 15, 2020, until May 15, 2021, Integon, in its regular course of business, issued to Ho and Bank of America a policy of insurance (the "Policy") to cover the property Ho owns at 1389 Middle Road, Stroudsburg, Pennsylvania (the "Property"). ((Doc. 7, at 2; Doc. 7-1, at 1-26). On or about July 20, 2020, while the Policy was in full force and effect, Ho allegedly suffered direct physical loss and damage to the insured Property. (Doc. 1-1, at 4-5). When the Property loss occurred, Ho allegedly notified Integon of the claim for water damage and began mitigation and restoration efforts. (Doc. 14, at 2). On July 16, 2020, Ho entered into a contract with CPR Restoration and Cleaning Services, LLC, to preserve,

protect, and secure the Property from further damage, and obtained restoration estimates from Highline Construction, LLC. (Doc. 18, at 2). On March 19, 2021, Ho commenced the instant civil action by filing the complaint in the Court of Common Pleas of Philadelphia, alleging breach of the insurance contract in Count 1 and insurer bad faith in Count II. (Doc. 1, at 1). Ho sought damages in excess of $50,000 for each count and property damage to a total sum in excess of $500,000. (Doc. 1, at 1).

Integon removed the action to the United States District Court for the Eastern District of Pennsylvania on March 31, 2021, pursuant to 28 U.S.C. § 1446(b), based upon the diversity of citizenship of the parties. (Doc. 8, at 1). On April 20, 2021, Integon filed a motion to dismiss for failure to state a claim, which was rendered "moot" by Ho's filing of his amended complaint on May 4, 2021. (Doc. 5; Doc. 7). Integon filed a motion to transfer venue and, with the consent of the parties, the case was transferred to the United States for the Middle District of Pennsylvania on May 7, 2021. (Doc. 6; Doc. 8; Doc. 9). The parties consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b). (Doc. 15).

In Count I of the amended complaint, Ho alleges that Integon refused to provide funds sufficient to bring Ho's Property to pre-loss condition, failed to pay Ho all of the Policy benefits to which he is entitled, and is obligated to indemnify Ho's loss as a direct, insured beneficiary of that Policy. (Doc. 7, at 3). Thus, Ho asserts that Integon's unreasonable denial of coverage constitutes a breach of the Policy. (Doc. 7, at 3). In Count II, Ho asserts that, as a third-party beneficiary of the Policy, he is entitled to bring the breach of contract claim against Integon to recover insurance benefits under the Policy. (Doc. 7, at 4). As the named Borrower in the Policy, Ho asserts that he was intended to recover insurance benefits in the

event of a covered loss and that Integon's denial of coverage constitutes a breach of the insurance contract. (Doc. 7, at 4). As relief, Ho demands recovery of $50,000 for each claim, including interest and attorney's fees. (Doc. 7, at 3, 4).

On May 14, 2021, Integon filed a motion to dismiss for failure to state a claim, asserting that Ho is not an intended third-party beneficiary of the Policy and, thus, does not have legal standing to sue under the Policy as the contracting parties did not affirmatively express the intention to make Ho a third-party beneficiary in the Policy itself.[1] (Doc. 14, at 2). Integon claims that Ho failed to provide Bank of America with proof that he was maintaining first-party property insurance coverage on the Property to protect the Bank's interest, as required by the terms of his loan. (Doc. 14, at 2-3). In response, Ho asserts that the language of the Policy provides that Integon is liable to protect both Bank of America's and Ho's interests in the Property. (Doc. 18, at 4). Ho submits that, as the Borrower, he is a direct insured, or alternatively a third-party beneficiary, under the Policy and thus, has standing to sue Integon for breach of contract under the Policy. (Doc. 18, at 3). The motion is fully briefed and ripe for review. (Doc. 13; Doc. 14; Doc. 18).

A. RULE 12(B)(6) MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint are true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v.*

---

[1] Integon filed a motion to dismiss on May 7, 2021, which the Court struck as moot because Integon filed a motion to dismiss the amended complaint on May 14, 2021. (Doc. 10; Doc. 13; Doc. 16).

3

*Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**II.   DISCUSSION**

This action arises from a breach of contract claim where Integon allegedly failed to indemnify Ho after he experienced water damage to the Property. (Doc. 7, at 1). In the motion, Integon asserts that Ho is neither a direct insured beneficiary nor a third-party beneficiary to the Policy, and therefore does not have standing to bring his claims. (Doc. 13, at 1). Integon concedes that Ho may, under certain circumstances, potentially qualify as a loss

payee and thus, an incidental beneficiary under the Policy insofar as it contemplates payment to the Named Insured Mortgagee and/or to the Borrower as their interests may appear.[2] (Doc. 14, at 11). However, Integon argues that those provisions of the Policy only reflect an awareness on the part of the contracting parties of the possibility that Ho, as the Borrower, might benefit from their insurance contract. (Doc. 14, at 11). Accordingly, Integon argues that Ho does not have standing to enforce the Policy. (Doc. 14, at 11).

While this is a breach of contract claim involving alleged non-performance of a contractual duty, the crux of the dispute is one of contract interpretation, as a resolution of the issues presented requires an examination of the terms of the Policy. Under Pennsylvania law, "the interpretation of the scope of coverage of an insurance contract is a question of law properly decided by the court." *Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999). The Supreme Court of Pennsylvania has instructed that "[w]here a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language." *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (1983) (citations omitted). "In interpreting an insurance policy, a court must ascertain the intent of the parties as manifested by the language of the written agreement." *Stevens Painton Corp. v. First State Ins. Co.*, 746 A.2d 649, 657 (Pa. Super. Ct. 2000). Contract language is ambiguous if it lends itself to multiple reasonable interpretations when applied to a particular set of facts. *Hutchison v. Sunbeam Coal Co.*, 519 A.2d 385, 390 (Pa. 1986). A court may not, however, stretch the meaning of the plain contractual language to find an ambiguity where none exists. *Madison Const. Co. v. Harleyville*

---

[2] The Policy does not name or identify a "Loss Payee." (Doc. 7-1, at 1).

*Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999).

Integon asserts that the Policy is an insurance contract commonly known as a "force-placed" or "lender-placed" policy, issued to a bank or mortgage company to ensure that its interests are protected when a borrower fails to maintain such coverage himself, or to provide his lender with documentation that he has done so. (Doc. 17, at 2). In the Notice of Insurance, the Policy lists Bank of America, N.S. ("Bank of America") as the "Named Insured," Integon as the "Lender," and Ho as the "Borrower." (Doc. 7-1, at 1). The Policy provides: "Subject to the terms and provisions of this Policy, it is agreed that the insurance applies to the property described above and to any person shown as a Borrower with respect to such property." (Doc. 7-1, at 1). Further, the Policy states that "[l]oss, if any, shall be adjusted with and payable to the above Named Insured Mortgage and the Borrower as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Borrower, at the company's option." (Doc. 7-1, at 1).

### A. DIRECT INSURED BENEFICIARY

In the motion to dismiss, Integon argues that Ho is not a direct insured beneficiary because the Policy plainly designates only one insured party, Bank of America, as "Named Insured Mortgagee," and contains no language conferring insured status upon Ho, who is described in the Notice of Insurance only as "Borrower." (Doc. 13, at 3). In response, Ho argues that the express terms of the Policy indicate that he is a direct beneficiary and that all terms and provisions of the policy fully apply to Ho as the named Borrower. (Doc. 18, at 8). Specifically, Ho argues that the language in the Policy indicates that the Policy was expressly issued to Ho because the Policy applies to the Property and to any person shown as a Borrower. (Doc. 18, at 8). Additionally, Ho argues that the Dwelling Hazard Coverage Form

6

definition of "you" and "your" that is used throughout the Policy is ambiguous, requiring those terms to be interpreted in Ho's favor. (Doc. 18, at 9). Ho also argues that because he fulfilled certain duties assigned to Bank of America in the Policy after the alleged property loss, he is entitled to benefit from the fulfillment of a claim against Integon. (Doc. 18, at 9).

The Notice of Insurance unambiguously identifies Bank of America as the only Named Insured Mortgagee and Ho as the only Borrower under Coverage A, which covers damage to the dwelling, and Coverage B, which covers damage to other structures.[3] (Doc. 7-1, at 21-22). The "Definitions" section defines "Borrower" unambiguously as meaning "the person(s) or entity identified as the borrower on the Notice of Insurance." (Doc. 7-1, at 8). The Dwelling Hazard Coverage Form section defines "you" and "your" as referring to the "Named Insured Mortgagee" and the "Additional Named Insured" shown in the Declarations. (Doc. 7-1, at 21). However, the Policy does not expressly state that the Dwelling Hazard Coverage Form section definitions shall be used throughout the insurance contract, nor does the insurance contract define or identify an "Additional Named Insured" party. (Doc. 7-1, at 1). Moreover, the insurance contract does not define or identify Ho as anything other than the "Borrower." (Doc. 7-1, at 1).

Further, "we," "us" and "our" are defined to refer to Integon as "the Company providing this insurance." (Doc. 7-1, at 21). The first page of the Policy includes a "Notice to Borrower" disclaimer that states: "This policy may not fully protect your interest in the

---

[3] Ho alleges that he suffered "direct physical loss and damage to the insured Property." (Doc. 7, at 2). Coverage A covers "the dwelling on the Described Location shown in the Declarations [and] structures attached to the dwelling." (Doc. 7-1, at 21). Coverage B covers "other structures on the Described Location, set apart from the dwelling by clear space," including "structures connected to the dwelling by only a fence, utility line, or similar connection." (Doc. 7-1, at 21).

7

property listed. This policy does not provide personal property coverage or liability coverage, unless indicated above." (Doc. 7-1, at 1). The Notice also states: "Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee and the Borrower as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Borrower at the company's option." (Doc. 7-1, at 1). However, the "Mortgage Clause" of Policy states:

> The policy to which this endorsement is attached is issued to the Named Insured Mortgagee and the Borrower. In order to protect the Named Insured Mortgagee, and any other mortgagee(s) that may be named on the policy to which this endorsement is attached, the following additional conditions apply:
>
> 2. Any loss payable under this policy will be paid to the mortgagee of whom we have actual notice as well as any other mortgagee or loss payee determined to exist at the time of loss, and you, as interests appear.

(Doc. 7-1, at 4). Finally, the Policy states that in the case of loss to the Property, Bank of America must give prompt notice to Integon, protect the Property from further damage, make reasonable and necessary repairs, keep an accurate report of such repair expenses, and provide Integon with sworn proof of loss. (Doc. 7-1, at 24).

Here, the Court finds that the Policy does not grant Ho the right to recovery under the insurance contract against Integon. By the express terms of the Policy, Ho is not a direct beneficiary of the insurance contract between Bank of America and Integon. (Doc. 7-1, at 1). The Policy does not name or identify Ho as anything other than the "Borrower." (Doc. 7-1, at 1). Further, the Policy does not grant Ho, as the Borrower, the authority to replace Bank of America or fulfill these duties in the event of property loss. Thus, Ho does not have standing as a direct beneficiary to bring this breach of contract claim against Integon because he is not a direct beneficiary of the Policy. See *Richard v. Fin. of Am. Mortgs., LLC,* No. 3:18-CV-559,

8

2019 WL 1980693, *5 (M.D. Pa. May 3, 2019) (granting a motion to dismiss a breach of contract claim because the insurance policy did not list plaintiff as an insured).

B. THIRD-PARTY BENEFICIARY

Alternatively, Integon argues that Ho does not have standing as a third-party beneficiary to bring this breach of contract claim because the Policy does not contain a clear expression of intent on the part of Bank of America or Integon to make Ho an intended third-party beneficiary with legal standing to sue to enforce the Policy. (Doc. 14, at 11). Integon notes that the primary purpose of the Policy was to protect Integon's interest in the Property, not to provide insurance coverage to Ho as the owner of the Property. (Doc. 14, at 11). Integon argues that, at most, the Policy merely reflects an awareness on the part of Bank of America and Integon of the possibility that Ho, as the Borrower, might benefit from the Policy. (Doc. 14, at 11). In response, Ho contends that he has standing to maintain this breach of insurance contract claim as an intended third-party beneficiary under the terms of the Policy. (Doc. 18, at 9).

The Pennsylvania Supreme Court has adopted the Restatement (Second) of Contracts § 302 which allows for third-party intended beneficiaries to sue for breach of contract "even though the actual parties to the contract did not express an intent to benefit the third party." *Sovereign Bank v. BJ's Wholesale Club, Inc.,* 533 F.3d 162, 168 (3d Cir.2008). Under this approach, a two-part test must be satisfied: (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Assocs.,* 39

F.Supp.2d 517, 535 (M.D. Pa. 1999) (citing *Scarpitti v. Weborg,* 609 A.2d 147, 150 (1992)).

The first element of the test establishes "a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate." *Scarpitti,* 609 A.2d at 150 (quoting *Guy v. Liederbach*, 459 A.2d 744, 751 (1983)). The first element dictates whether an individual is a third-party beneficiary, and is a question of law for the Court's determination. *Scarpitti,* 609 A.2d at 150 (quoting *Guy,* 459 A.2d at 751); *Williams Controls,* 39 F.Supp.2d at 535. The second element "defines the two types of claimants who may be intended as third-party beneficiaries," differentiating between intended third-party beneficiaries, who have rights under Section 302, and incidental third-party beneficiaries, who do not have rights under Section 302. *Scarpitti,* 609 A.2d at 150 (quoting *Guy,* 459 A.2d at 751); *Williams Controls,* 39 F.Supp.2d at 535. A claim may be asserted under the contract if the party satisfied both parts of the test. *Scarpitti,* 609 A.2d at 150.

Thus, the court must examine whether the circumstances indicate that Integon and Bank of America intended to confer benefits on Ho under the Policy. *See Williams Controls*, 39 F.Supp.2d at 535. Integon relies on two cases that held that the borrower under a lender-placed property insurance policy was not an intended third-party beneficiary and did not have legal standing to sue the lender's insurance for breach of contract. *See Weiser v. Great Am. Ins. Co.*, 453 F.Supp.3d 711, 716-17 (E.D. Pa. 2020); *Richard v. Fin. of Am. Mortg., LLC*, No. 3:18-CV-559, 2019 WL 1980693, *1 (M.D. Pa. May 3, 2019). In *Weiser v. Great American Ins. Co.*, the United States District Court for the Eastern District of Pennsylvania dismissed a breach of contract claim, finding that the plaintiff mortgagor was not an insured or intended third-party beneficiary under the forced-placed policy that the defendant issued to the mortgagee.

453 F.Supp.3d 711, 716-18 (E.D. Pa. 2020). Although the plaintiff owned the insured property and paid monthly premiums for the policy, the court dismissed the plaintiff's breach of contract claim because the plaintiff had "no insurable interest under this policy as a Named Insured, Additional Named Insured or Additional Insured." *Weiser,* 453 F.Supp.3d at 716.

In *Richard v. Finance of America Mortgages, LLC*, this Court similarly dismissed a breach of contract claim brought by a homeowner under a lender-placed policy after finding that he was neither an insured under the policy nor a third-party beneficiary to the policy. No. 3:18-CV-559, 2019 WL 1980693, *5-6, *8 (M.D. Pa. May 3, 2019). Looking at the terms of the policy, the Court found that only the mortgagee was listed as the named insured in the policy and a disclaimer in the policy stated that "[u]nless indicated otherwise by endorsement, this policy does not provide coverages . . . for the interest or equity of the mortgagor." *Richard,* 2019 WL 1980693 at *5. Further, the Court rejected the homeowner's argument that he was a beneficiary because the policy authorized him to "submit a claim on behalf of the mortgagee and because [the lender] made payments on the claims that [the homeowner] submitted." *Richard,* 2019 WL 1980693 at *6. Dismissing the claim, the Court found that neither fact "demonstrate[s] that either [the lender] or [the mortgagee], let alone both entities, intended at the time they entered into the insurance contract that [the homeowner] should be a beneficiary of the forced-placed insurance policy." *Richard,* 2019 WL 1980693 at *6.

Like the homeowners in *Weiser* and *Richard*, Ho has alleged no facts from which the Court may infer that Integon or Bank of America intended for him to benefit from the dwelling provisions of the Policy. *See Weiser,* 453 F.Supp.3d at 716; *Richard,* 2019 WL 1980693 at *6; *see also Kirschner v. K & L Gates LLP*, 46 A.3d 737, 762 (Pa. Super. Ct. 2012) (explaining that even under this test, the party seeking status as a third-party beneficiary "must

show that both parties to the contract so intended and that such intent was within the parties' contemplation at the time the contract was formed") (quotation marks omitted). The Notice of Insurance unambiguously identifies Bank of America as the only Named Insured Mortgagee and Ho as the only Borrower under the Policy. (Doc. 7-1, at 21-22). The Dwelling Hazard Coverage Form provides that the terms "you" and "your" in that section refer to Bank of America, as the "Named Insured Mortgagee," and an unnamed "Additional Named Insured."[4] (Doc. 7-1, at 21). Ho is not named as anything other than the sole "Borrower." (Doc. 7-1, at 1). The first page of the Policy includes a "Notice to Borrower" disclaimer that states: "This policy may not fully protect your interest in the property listed. This policy does not provide personal property coverage or liability coverage, unless indicated above." (Doc. 7-1, at 1). Further, the Policy emphasizes in the "Mortgage Clause" that "[a]ny loss payable under this policy will be paid to the mortgagee of whom we have actual notice as well as any other mortgagee or loss payee determined to exist at the time of loss, and you, as interests appear." (Doc. 7-1, at 4). Based on the text of the Policy, Ho is neither an insured under those provisions nor a third-party beneficiary. (Doc. 7-1, at 1). Thus, Ho does not have standing to bring his insurance contract-related claims against Integon under the Policy. *See Kirschner*, 46 A.3d at 762.

### III.   LEAVE TO FILE A SECOND AMENDED COMPLAINT

Ho requests that the Court grant him leave to file a second amended complaint if it finds that the amended complaint fails to state a claim upon which relief can be granted. (Doc. 18, at 14). The Third Circuit has instructed that if a complaint is vulnerable to a 12(b)(6)

---

[4] The Dwelling Hazard Coverage Form section does not state whether the definitions for "you" and "your" apply throughout the insurance contract, so the Court will not make such an assumption. (Doc. 7-1, at 21).

dismissal, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). However, the Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

The Court will grant Ho leave to file a second amended complaint that is complete in all aspects and sets forth factual allegations and specific legal claims in a manner that can be answered by Integon. Ho is advised that the second amended complaint must be a pleading that stands by itself without reference to the original or first amended complaint. *See Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Any previously-asserted arguments or factual allegations that Ho omits from his second amended complaint will be deemed waived.

### IV. CONCLUSION

For the foregoing reasons, Integon's motion to dismiss for failure to state a claim (Doc. 13) is **GRANTED**, and Counts I and II of the amended complaint (Doc. 7) are dismissed without prejudice. Ho is granted leave to file a second amended complaint within thirty (30) days of this Memorandum, on or before **January 30, 2022**.

An appropriate Order follows.

BY THE COURT:

Dated: December 31, 2021

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**